UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                        Case No: 8:18-cr-538-T-27AEP

MELISSA JAMES
_____/

**ORDER**

**BEFORE THE COURT** is correspondence from Defendant James (Dkt. 38), which is construed as a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Section 603 of the First Step Act. A response is unnecessary. The construed motion is **DENIED**.

James stands convicted of possession with intent to distribute five grams or more of methamphetamine. (Dkt. 35). She was sentenced to 30 months imprisonment, followed by 3 years of supervised release. (Id.). She seeks a reduction due to the COVID-19 pandemic. (Dkt. 38 at 1-2). She asserts that she suffers from "multiple chronic heart problems," which make her "uniquely susceptible and vulnerable to the virus." (Id. at 2). She requests early release. (Id.).

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after fully exhausting administrative remedies following the failure of the Bureau of Prisons to bring a motion on behalf of the defendant, or 30 days after requesting the warden of the facility to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). James does not assert that she has exhausted all available administrative remedies in the Bureau of Prisons. The Court is therefore without authority to consider the merits of her release request.[1]

---

[1] *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at

1

Even if she had exhausted her administrative remedies or waited the 30 days, she has not shown extraordinary and compelling reasons warranting a modification of his sentence. Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling circumstances," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1. None of the circumstances offered by James falls within these circumstances. Although she has a history of cardiac issues, *see* (Dkt. 35 at 2), she does not provide any medical documentation reflecting that she is unable to care for herself while incarcerated. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

---

*2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)"); *United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to COVID 19. Since she has not complied with the statute, the Court lacks authority to consider her motion.").

Additionally, while James' rehabilitation efforts are admirable, rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t). And although she cites the sentencing factors in 18 U.S.C. § 3553, in the absence of an extraordinary and compelling reason or another basis to warrant a reduction, this Court cannot reduce her sentence. *See* 18 U.S.C. § 3582(c)(1).

In sum, because James has not shown that she has exhausted the administrative remedies available to her, the Court without authority to consider the merits of her release request. Moreover, her reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are not, therefore, consistent with the policy statement in § 1B1.13. Accordingly, because she has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, the Court is without authority to grant relief, and the motion for sentence reduction is **DENIED**.

**DONE AND ORDERED** this 8th day of July, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record